UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| RALEIGH SUTHERLAND,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONAL REPUBLICAN<br>CONGRESSIONAL COMMITTEE,<br><br>        Defendant. | **CASE NO. 1:22-cv-00302-RH-ZCB**<br><br>Judge Robert L. Hinkle |

**NON-PARTIES TARGETED VICTORY AND WONDER CAVE'S
RESPONSE TO SEPTEMBER 8, 2023 ORDER
FOR A HEARING ON PENDING MOTIONS**

Non-parties and proposed defendants Targeted Victory, LLC and Wonder Cave, LLC ("Non-Parties") file this response to address statements in the Court's Order for a Hearing on Pending Motions, dated September 8, 2023 (ECF No. 53). In particular, Non-Parties were surprised and disheartened by the Order's statements that Non-Parties "have relentlessly obstructed discovery" and, in response to Plaintiff's subpoenas, asserted "objections [that] were plainly unfounded." Because the Court's impressions of Non-Parties' response are based largely on an incomplete and misleading record, Non-Parties would like the Court—prior to the hearing set for September 18—to have a full understanding of Non-Parties' interactions with

Plaintiff. The complete record not only shows that Non-Parties acted in good faith, but also exposes Plaintiff's dismissive response to Non-Parties' interest in ensuring confidentiality throughout the process.

1.      The timeline of communications is plain and the full record of communications is submitted herewith. Plaintiff sent subpoenas to Non-Parties on June 1, 2023, each of which spans 19 pages and contains 16 categories of document requests.

2.      On June 16, Non-Parties served a joint response with objections, agreeing to produce some categories of documents, identifying those categories for which no responsive documents were identified, and stating individualized objections to certain requests, including objections to requests seeking materials protected by "privacy rights or confidentiality interests" and where a request "calls for the production of trade secrets and other sensitive, confidential business information of Non-Parties." (ECF No. 43, Ex B. at pp. 74-80.) Disclosure of the requested materials without any limitations on their use could reveal Non-Parties' trade secrets to their competitors and divulge personal details of not just Non-Parties' employees and contractors but those of other non-party entities as well. *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

3.      After exchanging emails, counsel for Plaintiff and Non-Parties held a

one-hour meet and confer discussion on June 26 about the subpoenas and Non-Parties' objections. The undersigned counsel for Non-Parties reiterated the privacy and confidentiality concerns and asked if there is a stipulated protective order in this action to protect information designated as confidential in discovery. On June 27, Plaintiff's counsel emailed that no protective order is in place in this action. Non-Parties' counsel responded that "we are almost certainly going to need a protective order in place before we can produce due to the documents containing confidential and sensitive information. The privacy issues are not the only ones driving the need for confidentiality." When Plaintiff's counsel responded that he understood "that you [Non-Parties] do not intend to produce any documents absent a court order" and "will proceed accordingly," Non-Parties' counsel replied that stipulated protective orders "are common in discovery in most significant cases. I'm surprised there is not one already in place in this case. I'd be happy to send samples of some used in prior cases or court models from other federal district courts."

4.     On the July 3 production date, Non-Parties' counsel reached back out to Plaintiff's counsel and reiterated that Non-Parties would produce documents so long as the documents would be subject to a protective order. An offer to share sample forms of protective order was again tendered. Non-Parties' counsel summarized that "[w]ithout a protective order to protect confidential information in place, we cannot make a production. Once such a protective order is in place, we will produce responsive materials pursuant to our written response and objections

and meet and confer." (*See* **Exhibit A**, attached hereto, for all foregoing emails.)

5. Non-Parties consistently stated their request for the routine and common entry of a reasonable protective order prior to producing confidential materials. Contrary to Plaintiff's claims of ambush—falsely contending in a July 5 email that Non-Parties' "last-minute refusal to not produce anything without a protective order" was asserted "on the very last day" and not "communicate[d] …beforehand"—the facts show that Plaintiff knew from Non-Parties' initial response that confidentiality protection was needed and, in fact, had lengthy discussions about a protective order to address those concerns.

6. The reality is that Plaintiff effectively abandoned the subpoenas to Non-Parties. The July 5 email (attached as **Exhibit A**) was the last communication about the issue. In it, Plaintiff's counsel made clear that, in retaliation for objecting to the subpoenas, Plaintiff would seek to amend his complaint to add Non-Parties as defendants: "If TV and WC don't want to cooperate in good faith to help us understand the system that was used to send the text messages to Plaintiff, then we will just add TV and WC as Defendants since they are the entities that sent the messages." Plaintiff's motion for leave to file a second amended complaint (ECF No. 43) contains *partial* emails with counsel for Non-Parties through July 3 (*Id*. Ex. D at pp. 85-88) and *omits* Plaintiff's July 5 email. Based on this incomplete record, Plaintiff's motion falsely states that Non-Parties "are refusing to respond to even the simplest discovery requests" and "are playing discovery games." (ECF No. 43 at p.

5 ¶11.) Similarly, Plaintiff's opposition to the summary judgment motion falsely declares that the "subpoenas served on Target[ed] Victory and Wonder Cave were ignored." (ECF No. 51 at p. 4.)

Considering the record in full, it is clear that Plaintiff failed to engage in a good faith effort to obtain materials responsive to his subpoenas to Non-Parties. When faced with a routine and customary requirement like a protective order to guard against public disclosure of confidential information, Plaintiff gave up on the subpoenas and threatened to add Non-Parties as defendants out of malice. The record demonstrates that, far from "obstructing" discovery or asserting "unfounded" objections, Non-Parties timely and reasonably responded to the subpoenas, engaged in a good faith effort to resolve objections, and even offered to provide Plaintiff's counsel with sample forms to act as a basis for negotiating a reasonable protective order. In response, Plaintiff's counsel decided to simply abandon his subpoenas and punish Non-Parties by attempting to make them defendants.

Dated:  September 15, 2023

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:  *s/ Evan S. Nadel*

Evan S. Nadel (FL Bar No. 165409)
1114 Avenue of the Americas
New York, NY  10036
ENadel@kilpatricktownsend.com
Telephone:  (212) 775-8862

*Attorneys for Non-Parties
Targeted Victory, LLC and Wonder Cave, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel via ECF on this September 15, 2023.

By: *s/ Evan S. Nadel*
EVAN S. NADEL

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this Non-Parties' Response to the September 8, 2023 Order for a Hearing on Pending Motions contains 1,191 words and complies with N.D. Fla. Local R. 7.1.

By: *s/ Evan S. Nadel*
EVAN S. NADEL

# EXHIBIT A

# Garcia, Alberto

| | |
|---|---|
| **From:** | Thomas Alvord <thomas@lawhq.com> |
| **Sent:** | Wednesday, July 5, 2023 2:45 PM |
| **To:** | Nadel, Evan |
| **Cc:** | John Kauffman; Michael Hartmere; Sharon DeCarlo |
| **Subject:** | RE: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave |

**CAUTION: External Email**

Evan,

The last-minute refusal to not produce anything without a protective order is not well taken. There was ample opportunity to communicate that beforehand, and to assert that on the very last day does not appear to have been in good faith. Further, Judge Hinkle has been very emphatic that he does not like or want discovery games like you are playing here.

We will be doing a meet and confer with counsel for NRCC on Friday regarding a motion to amend the complaint in which Plaintiff will be adding Targeted Victory ("TV") and Wonder Cave ("WC") as Defendants in the suit.

If TV and WC don't want to cooperate in good faith to help us understand the system that was used to send the text messages to Plaintiff, then we will just add TV and WC as Defendants since they are the entities that sent the messages. This gives us the benefit of full discovery in this matter, and we are not limited to FRCP 45.

With that said, we communicated today with counsel for NRCC that Plaintiff alternatively would be open to settling this matter. We extended a settlement offer to NRCC which they will be discussing and getting back to us on.

One of the conditions for settling would be that Targeted Victory/Wonder Cave put Plaintiff's number on their internal global do not contact list. Since this is a condition that TV and WC would need to agree to, and is not one that NRCC can agree to, I am sharing this with you.

Can you please confer with your client as to whether they would agree to this term? This would be in exchange for Plaintiff not amending the complaint to add TV/WC as Defendants. Otherwise, we will plan on proceeding with the lawsuit and seeking leave add TV and WC as Defendants in the matter.

Thanks,
Thomas Alvord

---

**From:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Sent:** Monday, July 3, 2023 10:57 AM
**To:** Thomas Alvord <thomas@lawhq.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** RE: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Without a protective order to protect confidential information in place, we cannot make a production. Once such a protective order is in place, we will produce responsive materials pursuant to our written response and objections and meet and confer.

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---

**From:** Thomas Alvord <thomas@lawhq.com>
**Sent:** Monday, July 3, 2023 10:45 AM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** RE: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Evan,

I have not spoken with NRCC's counsel yet.

To clarify, it sounds like you are not going to produce anything without a protective order?

Thomas

---

**From:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Sent:** Monday, July 3, 2023 9:21 AM
**To:** Thomas Alvord <thomas@lawhq.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** RE: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Thomas,

I was in a deposition on Thursday and traveling all day on Friday. I will look for samples of potential protective orders to share with you. But my clients will not make a production today without an actual protective order in place, *i.e.* one that has the necessary confidentiality protections, that counsel for all parties have stipulated to, and that has been filed and entered by the court.

Have you spoken with NRCC's counsel about a potential protective order yet?

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

2

**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---

**From:** Thomas Alvord <thomas@lawhq.com>
**Sent:** Thursday, June 29, 2023 11:51 AM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** RE: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Evan,

Do you have a proposed protective order?

Can you please send court-approved "attorneys eyes only" language that you deem appropriate, and we will treat your production on Monday in accordance with those terms until such time as a comprehensive protective order is entered in this case. Given the discovery schedule, time is of the essence with regard to your production.

Thomas

---

**From:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Sent:** Thursday, June 29, 2023 10:02 AM
**To:** Thomas Alvord <thomas@lawhq.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** Re: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Thomas,

To be clear, I was referring to a stipulated protective order to protect confidential information such as trade secrets.  These are common in discovery in most significant cases.  I'm surprised there is not one already in place in this case.  I'd be happy to send samples of some used in prior cases or court models from other federal district courts.

Best,
Evan

> On Jun 29, 2023, at 7:54 AM, Thomas Alvord <thomas@lawhq.com> wrote:

3

Evan,

Thanks for your response, and for confirming that you do not intend to produce any documents absent a court order. Plaintiff will proceed accordingly.

Best,
Thomas Alvord

---

**From:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Sent:** Thursday, June 29, 2023 8:33 AM
**To:** Thomas Alvord <thomas@lawhq.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** RE: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Thomas,

Thanks for following up on that. I need to confirm with my clients but we are almost certainly going to need a protective order in place before we can produce due to the documents containing confidential and sensitive information. The privacy issues are not the only ones driving the need for confidentiality.

Best,

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---

**From:** Thomas Alvord <thomas@lawhq.com>
**Sent:** Tuesday, June 27, 2023 1:47 PM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** RE: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Evan,

4

After doing some research, it appears there is no standing protective order in the ND of Florida. Also, no protective order has been issued in the case.

Given that Plaintiff has agreed, for now, to only receive the first name and last initials in response to discovery requests involving the names of individuals, I don't believe a protective order is necessary. Once we know the location of these individuals, we can then discuss the needs/merits of a protective order if/when Plaintiff asks for the full names of any of the individuals. Is that agreeable to you?

Thank you,
Thomas Alvord

**From:** Thomas Alvord
**Sent:** Monday, June 26, 2023 4:14 PM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** RE: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Evan,

I appreciate your time and engagement during our meet and confer session earlier today with you, me, and John Kauffman.

In this email, I aim to encapsulate our discussions on Plaintiff Raleigh Sutherland's FRCP 45 subpoenas to Targeted Victory and Wunder Cave. Each bullet point below corresponds to a key issue or request and provides a snapshot of our dialogue and mutual understanding. Kindly confirm the accuracy of my summary, and feel free to provide any additions or modifications:

1. **Privacy Concerns & Relevance (Request No. 1 & 2)**: Your clients are concerned with privacy laws when it comes to producing the names of any individuals involved in the text message campaigns, and for that reason, amongst other objections, they had stated they would only provide the first name and last name initial in response to Request No. 1 and 2. Plaintiff believes the names of these parties are relevant and discoverable because they could be witnesses. You said you would discuss with your client about providing the state and/or country of these individuals so we could evaluate what privacy laws, if any, might be implicated.

2. **Possible Protective Order**: You asked whether there was a protective order in the case. I stated I was not sure but will check on whether there is a protective order in the case, then get back with you.

3. **Narrowing Scope (Request No. 3)**: We asked if you could provide documents sufficient to identify the first name, last name initial, and state/country of each person who was involved in sending the text messages in the Nikki Haley campaign. You said you would talk with your client to see whether this is something they would produce.

4. **Narrowing Scope (Request No. 4 & 6)**: For Request No. 4 and 6, Plaintiff agreed to narrow the requests to documents *sufficient* to identify the total number of Nikki Haley Book Solicitation text messages and *sufficient* to identify the datetime of the first message and the datetime of the last message. You said you would talk with your client to see whether this is something they would produce.

5

5. **Narrowing Scope (Request No. 5)**: For Request No. 5, Plaintiff agreed to narrow the requests to documents *sufficient* to identify each Nikki Haley Book Solicitation text message *sent to a phone number associated with a Florida address*, and for each text message identify the from/sending phone number, the to/recipient phone number (it is fine to redact the last four digits of the phone number), the first name and last initial of the person who sent the text message, and the datetime the message was sent. You said you would talk with your client to see whether this is something they would produce.

6. **Recruitment Documents (Request No. 7)**: We discussed Request No. 7 regarding documents used to recruit the agents who sent the messages. You stated you did not believe this was relevant. Plaintiff shared why we thought this was relevant. Plaintiff stated we will wait to evaluate whether to come back to this request after we receive and evaluate the production of other discovery.

7. **Operational Manual (Request No. 14)**: We discussed Request No. 14 regarding documents about how Wonder Cave made the job live and allowed third-party agents to deploy each message from the Grassroots Aggregator. In their objections, Defendants had previously stated that they would provide the Wonder Cave Manual. I explained that if the Wonder Cave manual is the same as the Grassroots User Manual, we still will need more information as to this request but that Plaintiff will await and see what the Wonder Cave Manual contains.

8. **Future Discussions**: We ran out of time to discuss the other Requests but agreed that for now, Plaintiff will await production of the items discussed above, and then evaluate next steps from there.

Please let me know if you have anything to add or modify. I believe this accurately reflects the conversation of our meet and confer.

Thank you,
Thomas Alvord
Counsel for Plaintiff Raleigh Sutherland

---

**From:** Thomas Alvord <thomas@lawhq.com>
**Sent:** Saturday, June 24, 2023 8:36 AM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** Re: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Evan,

That works. I will send an invite for a Teams call.

Thomas

---

**From:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Sent:** Thursday, June 22, 2023 7:50:23 AM
**To:** Thomas Alvord <thomas@lawhq.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>;

6

Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** Re: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Thomas,

I can talk at 2 pm ET on Monday. Are you free then?

Best,
Evan

> On Jun 21, 2023, at 4:16 PM, Thomas Alvord <thomas@lawhq.com> wrote:
>
> Ok, thank you.
>
> **From:** Nadel, Evan <ENadel@kilpatricktownsend.com>
> **Sent:** Tuesday, June 20, 2023 8:11 PM
> **To:** Thomas Alvord <thomas@lawhq.com>
> **Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
> **Subject:** RE: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave
>
> Thomas,
>
> I'm not available at those times tomorrow but I will check my schedule for Thursday and let you know.
>
> **Evan Nadel**
> **Kilpatrick Townsend & Stockton LLP**
>
> **New York**
> The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
> office 212 775 8862 | fax 212 320 0391
> **San Francisco**
> Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
> office 415 273 4804
> enadel@kilpatricktownsend.com | My Profile | vCard
>
> **From:** Thomas Alvord <thomas@lawhq.com>
> **Sent:** Monday, June 19, 2023 2:30 PM
> **To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
> **Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
> **Subject:** Re: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Hi Evan,

Are you available later this week to meet and confer on your clients' objections to the subpoena?

Would either 1pm or 4pm ET this Wednesday or Thursday work for you?

Thanks,
Thomas Alvord

**From:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Sent:** Friday, June 16, 2023 4:47:13 PM
**To:** Thomas Alvord <thomas@lawhq.com>
**Cc:** John Kauffman <john.kauffman@lawhq.com>; Michael Hartmere <michael.hartmere@lawhq.com>; Sharon DeCarlo <sdecarlo@lawhq.com>
**Subject:** FW: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave

Mr. Alvord,

We represent Targeted Victory and Wonder Cave with respect to plaintiff's subpoena in this matter.  Please see the attached response from my clients.

Sincerely,

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---------- Forwarded message ---------
From: **Thomas Alvord** <thomas@lawhq.com>
Date: Thu, Jun 1, 2023 at 8:32 PM
Subject: Sutherland v. NRCC - Service of Subpoenas on Targeted Victory and Wonder Cave
To: Katie Reynolds <kreynolds@targetedvictory.com>
Cc: John Kauffman <john.kauffman@lawhq.com>, Michael Hartmere <michael.hartmere@lawhq.com>, Sharon DeCarlo <sdecarlo@lawhq.com>

Katie,

Please see the attached subpoenas to Targeted Victory and Wonder Cave.

8

I appreciate your willingness to accept service by email as you stated in your previous email on May 30, 2023.

Dallin has stated repeatedly that the text messages at issue in this matter were manually sent and that he is willing and eager to prove as much. Consequently, we would ask and expect swift and complete responses without objection to much, if not all, of the discovery sought in these subpoenas.

To expedite this discovery, I am happy to get on a call to clarify any of the discovery and/or to discuss how we can limit or narrow any discovery if you have any concerns.

Thank you,
Thomas Alvord

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.